IN THE SUPREME COURT OF THE STATE OF DELAWARE

KERRI DAVENPORT,               §
                               §
    Defendant Below,           §  No. 321, 2019
    Appellant,                 §
                               §  Court Below—Superior Court
    v.                         §  of the State of Delaware
                               §
STATE OF DELAWARE,             §  Cr. ID No. K1812009789
                               §
    Plaintiff Below,           §
    Appellee.                  §

Submitted:  September 26, 2019
Decided:    October 31, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     The appellant, Kerri Davenport, was indicted in March 2019 on charges of Operating or Attempting to Operate a Clandestine Laboratory, Conspiracy in the Second Degree, two counts of Illegal Possession of a Controlled Substance, and Possession of Marijuana.  On July 2, 2019, Davenport pleaded guilty to Conspiracy in the Third Degree, as a lesser-included offense of the indicted conspiracy charge. In exchange for Davenport's guilty plea, the State dismissed the remaining charges and agreed to recommend a sentence of one year of Level V incarceration, suspended

for one year of Level II probation. The Superior Court imposed the recommended sentence. This is Davenport's direct appeal.

(2) Davenport's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Davenport's counsel asserts that he has performed a conscientious review of the record and the law and has identified no arguably appealable issues. In his motion to withdraw and statement filed under Rule 26(c), counsel indicates that he informed Davenport of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Davenport of her right to supplement counsel's presentation. Davenport responded with points she wanted to present for the Court's consideration, which counsel included with the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine "whether the

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

2

appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(4)     Davenport asserts various claims of ineffective assistance of counsel. In general, the Court does not consider on direct appeal claims of ineffective assistance of counsel and does not do so here.[3]  To the extent that Davenport claims, separate from her claims of ineffective assistance of counsel, that the State conducted an illegal search or obtained a search warrant based on evidence that it obtained illegally, it is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, even those of constitutional dimensions.[4]

(5)     In this case, the record supports the conclusion that Davenport knowingly, intelligently, and voluntarily pleaded guilty with a full understanding of the rights she was waiving.  The judge engaged in a colloquy with Davenport in open court.  Under oath, Davenport informed the judge that she understood the charge against her and that she was pleading guilty because she was, in fact, guilty.  She indicated that she had reviewed the guilty plea agreement and that she understood its meaning and the rights that she was waiving by entering a guilty plea. Davenport also told the judge that no one was forcing her to plead guilty and that she was

---

[2] *Penson*, 488 U.S. at 81.
[3] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[4] *Scarborough v. State*, 2015 WL 4606519, at \*3 (Del. July 30, 2015).

satisfied with her counsel's representation. Davenport stated under oath that she understood the maximum sentence that she was facing. Davenport's knowing, intelligent, and voluntary guilty plea waived her right to challenge the search warrant.[5]

(6) The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Davenport could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *See Mumford v. State*, 2000 WL 431600 (Del. Apr. 6, 2000) ("To the extent Mumford is complaining about a defect in the arrest warrant or the indictment, or about any other error that occurred before the plea, a properly entered plea of guilty, such as the plea entered here, constitutes a waiver of all errors or defects occurring before the plea, except a lack of subject matter jurisdiction.").